UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION NO.

VERSUS          15-83-SDD-EWD

MYRON CHEVELLE HART

### ORDER

This matter is before the Court on a *Motion for Reduction of Sentence/Compassionate Release Pursuant to* 18 U.S.C. § 3582(c)(1)(A) filed by Defendant, Myron Chevelle Hart ("Defendant").[1] The Government opposes this Motion.[2] For the following reasons, the motion is denied.

The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction .... 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] R. Doc. 2140.
[2] R. Doc. 2208.

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

As clarified by the Court in *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020), the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

The Government represents in its opposition that the BOP advised that the only request on file is that which was previously submitted in connection with Defendant's Motion for Compassionate Release that he brough in 2020.[3] Defendant has the burden of proving exhaustion, and exhaustion requires not only that a request is sent, but that the request is *received* by the warden.[4] To the extent Defendant is under the impression that he did not have to file another request with the warden prior to the filing of this Motion, that is incorrect; administrative remedies must be exhausted prior to the filing of each motion seeking compassionate release.[5] Thus, Defendant has not demonstrated he properly satisfied the exhaustion requirement of § 3582(c)(1)(A).

Accordingly,

---

[3] Doc. 2208, p. 6.
[4] § 3582(c)(1)(A); *United States v. Carrera*, 2020 WL 6545982, *2 (N.D. Tex. Nov. 5, 2020) (denying compassionate release where defendant "attache[d] to his motion a letter ... in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").
[5] *See United States v. Ezukanma*, No. 15-254, 2021 WL 389827, at *2 (N.D. Tex. Feb. 4, 2021) (though defendant exhausted administrative remedies prior to filing his first motion for compassionate release, he "was required to exhaust his administrative remedies prior to submitting the [second] motion as well.").

IT IS ORDERED that the Defendant's Motion for Compassionate Release[6] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on September 9, 2025.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[6] R. Doc. 2140.